UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANK OF AMERICA, N.A.,

    Plaintiff,

v.

                              Case No. 17-13068
                              HON. DENISE PAGE HOOD

M RASHID HOLDINGS, LLC,
and MASHIYAT RASHID,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S
MOTION FOR APPOINTMENT OF RECEIVER [#7]
and MOTION FOR EXPEDITED HEARING [#8]**

**I.    INTRODUCTION**

Plaintiff filed this mortgage foreclosure action on September 19, 2017, when it was assigned to the Honorable Avern Cohn. On September 25, 2017, Plaintiff filed a Motion for Appointment of Receiver ("Receiver Motion") [#7] and Motion to Expedite Hearing on the Receiver Motion. [#8] The Receiver Motion has been fully briefed. On October 16, 2017, this action was reassigned to the undersigned as a companion case to criminal case 17-20465 (the "Criminal Case"). A hearing was set for and held on October 27, 2017. By virtue of the hearing held on October 27, 2017, the Court **GRANTED** the Motion to Expedite Hearing. For the reasons set forth

1

below, the Court grants the Receiver Motion.

## II. BACKGROUND

Defendant M Rashid Holdings LLC ("Rashid Holdings") is the owner of property commonly known as 2990 W Grand Boulevard, Detroit, Michigan (the "Property"). Plaintiff issued a loan of approximately $2 million to Rashid Holdings dated January 30, 2017 (the "Loan Agreement"), with a mortgage on the Property securing the loan. Defendant Mashiyat Rashid is a guarantor of the mortgage on the Property.

On July 6, 2017, Defendant Rashid was indicted for alleged attempt and conspiracy to commit healthcare fraud and related claims (the Criminal Case), and the Criminal Case remains pending. On October 6, 2017, the Court entered an Order regarding the Property in the Criminal Case. That Order provided for, among other things, the appointment of a receiver for the Property with the power and authority to maintain and sell the Property. Until a receiver is appointed, all expenses related to the Property require approval of Pretrial Services.

## III. APPLICABLE LAW & ANALYSIS

### A. Applicable Law

The appointment of a receiver is a matter of judicial discretion, and the Court has inherent authority to appoint one. *U.S. v. Prod. Plated Plastics, Inc.*, 61 F.3d 904,

at *7 (6th Cir. 1995) (recognizing inherent power of courts to appoint receiver); *Federal Nat. Mortg. Ass'n v. Mapletree Investors Ltd. Partnership*, 2010 WL 1753112, at *3 (E.D. Mich. 2010); *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). "A district court enjoys broad equitable powers to appoint a receiver over assets disputed in litigation before the court. The receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary." *Liberte Capital*, 462 F.3d at 551.

**B. Analysis**

The parties agree that the appointment of a receiver for the Property is appropriate, and the parties acknowledge that the Court ordered the appointment of a receiver in its October 6, 2017 Order in the Criminal Case. Accordingly, the Receiver Motion is granted.

The parties disagree on who should be appointed as receiver, and each party has proposed a person for the Court to appoint as receiver for the Property. Plaintiff seeks the appointment of Michael A. Stevenson, and in their brief, Defendants sought the appointment of Michael Kalil. At the hearing, Defendants' argument focused more on having Michael Kalil retained as the manager of the Property than as receiver for the Property. The parties acknowledged that Plaintiff and its proposed receiver

have offered to retain Michael Kalil and his company (NIA Farbman) as the manager of the Property.

The Court notes that Defendants cannot control the terms of the order of receivership.[1] The terms of bond for Defendant Mayishat Rashid (prior to his bond being revoked) provided that he was not to have any involvement in the control of the Property, and it appears to the Court that he likely violated those conditions in a number of ways.

The Court appoints Michael A. Stevenson as receiver for the Property. The Court declines Defendants' request to appoint Michael Kalil as receiver for the Property and leaves the appointment of any Property manager (including Michael Kalil or NIA Farbman) to the receiver.

Plaintiff submitted a proposed "Order for Appointment of Receiver" ("the Order"), to which Defendants had a number of objections, each of which was

---

[1] The Court notes that Defendants have expressed a desire that the Property only be maintained by the appointed receiver (and not sold). The October 6, 2017 Order in the Criminal Case provides that the appointed receiver shall have the authority to sell the Property. *See* Criminal Case, Dkt. No. 153, PgID 962 ("Following the receiver's initial assessment of the Restrained Property, act expeditiously to market the 2990 W. Grand Boulevard Property for sale and take all other commercially reasonable steps in order to maximize the value of, and recovery related to, the 2990 W. Grand Boulevard property for the benefit of all interested parties") and PgID 964 ("Upon the sale of the 2990 W. Grand Boulevard property, . . .").

addressed at the hearing. First, Defendants argued that the language in Paragraph A of the preamble to the Order "asserting the breach by M. Rashid Holdings, LLC" should be removed, as it was unnecessary for the purposes of appointing a receiver. The Court declines Defendants' argument. The language Defendants seeks to have removed is nothing more than a statement of Plaintiff's alleged basis for this action and does not constitute a finding by the Court.

Second, Defendants asked the Court to include in the Order language specifying that Michael Kalil would be the manager of the Property if Michael A. Stevenson is appointed receiver. At the hearing, the parties seemed to agree that Michael Kalil would be an appropriate manager for the Property. The Court concludes that the inclusion of language regarding any arrangement of that nature in the Order is not necessary. Third, Defendant requested that the Court include language in Paragraphs 5.h. and 5.i. that the receiver could not file or take any actions against Defendants or any of their employees. The Court finds that it would not be proper to limit the receiver's ability to take any actions he deems necessary and appropriate for the benefit of the Property.

Fourth, Defendants request that Paragraph 6 be amended to provide that their counsel have access to books and records. The Court agrees that Defendants' civil and criminal legal counsel – and legal counsel for the Government – should have

*reasonable* access to the Receivership Property (as defined in the Order) at reasonable times. The Order issued by the Court shall include Defendants' requested amendment to Paragraph 6.

Fifth, Defendants argue that the Mortgaged Property (as defined in the Order) cannot be sold, as permitted under Paragraph 13, because a sale would violate Defendants' statutory redemption rights pursuant to M.C.L. 600.3140. Redemption rights under M.C.L. 600.3140 only apply to foreclosure proceedings, which is not a sale contemplated by Paragraph 13. *See id.*; M.C.L. 600.3115. The Court will not amend Paragraph 13 in accord with Defendants' argument, but the Court will amend Paragraph 13 to reflect that any sale of the Mortgaged Property requires approval of the Court.

Sixth, Defendants request that the following language be removed from Paragraph 33: "either (i) thirty (30) days after filing of a written demand for removal signed by BANA's counsel, and filed with the Court; or (ii)." Plaintiff did not object to removal of that language. The Court agrees that removing that language is appropriate, and it will be removed.

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion for Appointment of a Receiver, Dkt.

No. 7, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Expedited Hearing, Dkt. No. 8, is **GRANTED**.

**IT IS FURTHER ORDERED** that **Michael A. Stevenson** is **APPOINTED RECEIVER** for the Property (2990 W. Grand Boulevard, Detroit, Michigan).

**IT IS FURTHER ORDERED** that an "Order for Appointment of Receiver" will be entered separately.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: October 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager