# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

BANK OF AMERICA, N.A.,
a national banking association,

       Plaintiff,

v.

M. RASHID HOLDINGS, LLC,
a Michigan limited liability company,
and MASHIYAT RASHID, an individual,

       Defendants, jointly and severally.
_____/

Case No. 17-cv-13068
Hon. Denise Page Hood
Magistrate R. Steven Whalen

### ORDER (A) AUTHORIZING SALE OF THE REAL PROPERTY LOCATED AT 2990 WEST GRAND BLVD., DETROIT, MICHIGAN FREE AND CLEAR OF LIENS, CLAIMS LIABILITIES, ENCUMBRANCES AND OTHER INTERESTS; AND (B) GRANTING OTHER RELIEF RELATED TO THE FOREGOING

This matter coming before the Court on the Motion for Entry of Orders Approving (I) Bidding Procedures, (II) Sale of Real Property Located at 2990 W. Grand Blvd., Detroit, Michigan, Free and Clear of Liens, Claims, Encumbrances and Interests with Encumbrances Attaching to the Sale Proceeds, and (III) Related Relief (the "Motion")[1] filed by Michael A. Stevenson ("Receiver"), in his capacity

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

1

as the receiver for defendant M. Rashid Holdings, LLC; the Court having entered the Bidding Procedures Order approving the Bidding Procedures and the Sale Notice; the Auction having been conducted on November 28, 2018; and the Receiver having determined that The Barbat Organization, Inc. (the "Purchaser") submitted the highest and best bid for the Property at the Auction; the Receiver and Purchaser having revised and executed the purchase agreement to account for the increased sales price of $3,925,000.00 (the "Purchase Agreement"); the Sale Hearing having been held on December 11, 2018; all interested parties having been afforded an opportunity to be heard with respect to the Motion and all relief related thereto; the Court having reviewed and considered (i) the Motion, (ii) the objections thereto, if any, and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; it appearing that the relief requested in the Motion and approval of the sale of the Property identified in the Purchase Agreement to Purchaser is in the best interests of the receivership estate, creditors, and other parties in interest; and based on the Motion, the statements of counsel, and the record in this case;

**IT IS HEREBY FOUND AND DETERMNED THAT:**

A.  The court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 2001 and 2002. Venue of these cases and the Motion in this district is proper under 28 U.S.C. § 1391.

B.  Proper, timely, adequate and sufficient notice of the Motion, the Auction, the Sale Hearing, and the Purchase Agreement and sale transaction thereunder (the "Sale") has been provided in compliance with the Bidding Procedures, and no other or further notice is or shall be required.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons.

C.  As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing, and (ii) the representations of counsel made on the record at the Sale Hearing, the Receiver conducted the sale process in compliance with the Bidding Procedures. The Auction process set forth in the Bidding Procedures Order afforded a full, fair, and reasonable opportunity for any person to make a higher or better offer to purchase the Property. The Auction was duly noticed and conducted in a non-collusive, fair, and good faith manner and a reasonable opportunity has been given to any interested party to make a higher and better offer for the Property.

D.  The Purchase Agreement constitutes the highest and best offer for the Property, and will provide a greater recovery for the receivership estate than would be provided by any other available alternative.  The Receiver's determination that the Purchase Agreement constitutes the highest and best offer for the Property constitutes a valid and sound exercise of the Receiver's business judgment.

E. Approval of the Motion and the Purchase Agreement and the consummation of the Sale at this time are in the best interests of the receivership estate, its creditors and other parties in interest.

F. The Purchase Agreement must be approved and consummated promptly in order to preserve the value of the Property. As such, it is essential that the Sale occur within the time constraints set forth in the Purchase Agreement. Time is of the essence in consummating the Sale.

G. The Purchase Agreement was negotiated, proposed and entered into by the Receiver and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Receiver nor the Purchaser has engaged in any conduct that would cause or permit the Purchase Agreement or any part of the Sale to be deemed fraudulent in nature.

H. The Purchaser is a good faith purchaser and, as such, is entitled to all of the protections afforded thereby in that, among other things: (i) the Purchaser recognized that the Receiver was free to deal with any other party interested in acquiring the Property; (ii) the Purchaser complied with the provisions in the Bidding Procedures Order; (iii) the Purchaser agreed to subject its bid to the competitive bidding procedures set forth in the Bidding Procedures Order; (iv) all payments to be made by the Purchaser and other agreements or arrangements entered into by the Purchaser in connection with the Sale have been disclosed; (v)

no common identity of directors or controlling stockholders exists between the Purchaser and the Receiver and the Purchaser is not an "insider" of the Receiver; and (vi) the negotiation and execution of the Purchase Agreement and any other agreements or instruments related thereto was at arm's-length and in good faith. The Purchaser shall and is deemed to be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code, which is analogous to paragraph to paragraph 13(b) of the Order, in closing the Sale.

I. The Receiver may sell the Property free and clear of all liens, liabilities, claims, and encumbrances and other interests, as expressly set forth in the Purchase Agreement pursuant to the Order.

J. The Receiver has full authority to execute and deliver the Purchase Agreement and the documents contemplated thereby, and to perform the Sale contemplated thereby; no consents or approvals, other than those expressly provided for in the Purchase Agreement and herein, are required for the Receiver to consummate the Sale.

K. The consideration to be paid by Purchaser under the Purchase Agreement constitutes adequate and fair value for the Property, and the terms and conditions of the Purchase Agreement are fair and reasonable and otherwise comply with the applicable governing laws of the United States, the State of Michigan and all other governmental bodies.

L. The Receiver, acting on behalf of the receivership estate, has good title to the Property and, accordingly, the transfer of such Property to Purchaser pursuant to the Purchase Agreement will be a legal, valid and effective transfer of the Property.

M. No other or further notice of the sale of the Property and the Sale is necessary.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Motion is granted in its entirety.

2. All objections to the entry of this Order or the relief provided herein that have not been withdrawn, waived or settled and all reservations of rights, included therein, are hereby overruled on their merits.

3. The Receiver is hereby authorized to sell the Property, more specifically described as:

> Land situated in the City of Detroit, Wayne County, Michigan, described as follows:
>
> The Westerly 14.34 feet of Lot 16 and all of lot 17, Block 2 of MORAN AND MOROSS SUBDIVISION OF PART OF SECTIONS No. 31 AND 36 TOWN 1 SOUTH RANGE 11 and12 EAST and Part of Baker and Forsyth Farms according to the plat thereof as recorded in Liber 8 of Plats, page 15, Wayne County Records, commonly known as 2990 W. Grand Blvd., Detroit, Michigan, Tax Parcel No.: 001480/Ward 04

and otherwise consummate the Sale with Purchaser in accordance with the terms of the Purchase Agreement.

4. The Property sold to Purchaser shall be free and clear of all liens, liabilities, claims, encumbrances and other interests, with all such liens, liabilities, claims, encumbrances and other interests attaching to the proceeds of the Sale.

5. The Purchase Agreement (including all exhibits and schedules thereto and all terms and conditions thereunder) is hereby approved in all respects, and the Sale with respect to the Receiver pursuant to the Purchase Agreement is hereby authorized.

6. The Receiver is authorized and directed to execute and deliver, and empowered to fully perform under, consummate and implement, the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and to take all further actions as may be requested by Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to Purchaser, or reducing to Purchaser's possession, the Property, including any unexpired leases or executory contracts being assumed and assigned to Purchaser under the Purchase Agreement.

7. Upon the closing of the Sale pursuant to the terms of the Purchase Agreement, the transfer of the Property to Purchaser will be a legal, valid, enforceable, and effective transfer of the Property, and will vest Purchaser with all right, title, and interest of the receivership estate in the Property free and clear of all liens, claims, liabilities, encumbrances, and other interests including, but not limited

to, all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, options, rights of first refusal or charges of any kind or nature, if any.

8. Except as may be expressly permitted by the Purchase Agreement, all persons and entities holding liens, claims, liabilities, encumbrances and other interests of any kind and nature with respect to the Property are hereby barred from asserting such liens, claims, liabilities, encumbrances and other interests against Purchaser, its successors or assigns, or the Property.

9. If any person or entity that has filed claims of interest or other documents or agreements evidencing liens, claims, liabilities, encumbrances, and other interests on the Property of the receivership estate shall not have delivered to the Receiver prior to the Closing (in proper form for filing and executed by the appropriate parties), termination statements, instruments of satisfaction, releases of all encumbrances that the person or entity has with respect to such Property, Purchaser is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property.

10. The foregoing notwithstanding, the provision of this Order authorizing the sale and assignment of the Property free and clear of liens, claims, liabilities, encumbrances and other interests shall be self-executing, and notwithstanding the

failure of the Receiver, Purchaser, or any other party to execute, file or obtain releases, termination statements, assignments, consents or other instruments to effectuate, consummate and/or implement the provisions hereof or the Purchase Agreement with respect to the sale and assignment of the Property, all liens, claims, liabilities, encumbrances, and other interests on the Property shall be deemed released and shall attach to the proceeds of the Sale pursuant to this Order.

11. Because the Court finds that Purchaser is a good faith purchaser, in the event that the parties to the Sale consummate the transactions contemplated thereby, any appeal, wherein a stay has not been granted, shall not affect the validity of the Sale.

12. This Order shall be binding upon and govern the acts of all United States of America entities, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons or entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to the Property. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to

consummate the transactions contemplated by the Purchase Agreement, including without limitation, documents and instruments for recording in any governmental agency or department required to transfer to Purchaser any and all licenses under the receivership estate's ownership necessary for the operation associated with the Property, and county and state offices wherein termination statements under the Uniform Commercial Code are authorized to be filed.

13. From and after entry of this Order, neither the receivership estate nor any creditor or other party in interest within the jurisdiction of this Court shall take or cause to be taken any action that would interfere with the transfer of the Property of the receivership estate to Purchaser in accordance with the terms of this Order.

14. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material and adverse to the receivership estate.

15. As the Sale is non-collusive, fair and reasonable and conducted in good faith, and the transactions contemplated by the Purchase Agreement have been bargained for and undertaken by the Receiver and Purchaser at arm's length and without collusion, the Sale is not subject to avoidance or reversal on appeal.

16. The terms and provisions of the Purchase Agreement, together with the terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of, (a) the receivership estate, any receiver appointed in this case, the receivership's creditors, (b) Purchaser and its respective subsidiaries, affiliates, successors and assigns, and (c) any affected third parties, including but not limited to, any and all Persons asserting a claim against or interest in the receivership's estate or the Property.

17. Because time is of the essence, and notwithstanding any stay that may be applicable, if any, including under Rule 62 of the Federal Rules of Civil Procedure, this Order shall be effective and enforceable immediately.

18. The provisions of this Order are non-severable and mutually dependent.

19. This Court shall and hereby does retain sole and exclusive jurisdiction to determine any dispute, issue or other matter arising in connection with the receivership estate's interest in the Sale or under this Order.

IT IS ORDERED.

s/Denise Page Hood  
DENISE PAGE HOOD  
Dated: December 17, 2018           UNITED STATES DISTRICT JUDGE